BARNEY HAWKINS, plaintiff in error, *vs.* THURSTON ANDREWS, defendant in error.

When the Court below granted a new trial on the ground that two of the jurors who tried the case, were members of the grand jury, and had found a true bill against the defendant for the same trespass on the criminal side of the Court, which fact was not known to the defendant until *after the trial:* Held, that this Court will not control the discretion of the Court below in granting the new trial.

New trial because jurors incompetent. By Judge WORRILL. Muscogee Superior Court. November Term, 1868.

Hawkins brought trespass *vi et armis*, against Andrews for unlawfully beating him, etc., and obtained a judgment against him.

Andrews' counsel moved for a new trial, and the Judge granted it upon the ground that two of the jurors who tried said cause were of the grand jury who had found a true bill against said Andrews on account of said trespass, Andrews being ignorant of that fact until after the trial. This is assigned as error.

RAMSEY & RAMSEY, PAT. BRANNON, for plaintiff in error, cited secs. 3858–3860, 3847.

INGRAM & CRAWFORD, (by the Reporter,) for defendant.

Steinheimer *vs.* Coleman.

WARNER, J.

The Court below granted a new trial in this case, on the ground that two of the jurors who tried it had been members of the grand jury who had found a true bill against the defendant for the same trespass on the criminal side of the Court, which is now assigned for error here. By the common law, jurors must be *omni exceptione majores*, and it was a principal cause of challenge that one had formerly been a juror in the same cause: 3rd Bl. Com., 363. This principle of the common law was recognized and affirmed by this Court, in the case of *The Mayor, etc.. of Columbus, vs. Goetchins,* 7 *Ga. R.,* 139. The defendant was ignorant of the fact that the two jurors were disqualified, until *after the trial.* In our judgment, there was no error in the Court below in granting a new trial in this case, and this Court will not interfere with the exercise of its discretion in doing so.

Let the judgment of the Court below be affirmed.